PER CURIAM.
 

 The Petitioner, V.J.V., a child [“the Child”], seeks certiorari review
 
 [1]
 
 of an order in a dependency case directing the Respondent, Florida Department of Children and Families [“DCF”], to start the process of sending the Child back to Guatemala (changing her case plan goal from a permanent planned living arrangement to reunification with her adoptive parents in Guatemala). DCF concedes that the trial court departed from the essential requirements of the law in entering the order. We grant the petition and quash the order.
 

 In this petition, the Child, through her attorney ad litem, argues that the order
 
 *1291
 
 violated several clearly established principles of law: 1) the trial court improperly relied on unverified information obtained through ex parte communication with an unidentified witness, 2) the order, which represents a change in the Child’s case plan goal and change of custody, is not supported by competent evidence, and the trial court failed to make any specific findings of fact or conclusions of law, and 3) the trial court improperly allowed the Child’s immigration status to affect the dependency proceedings. In response to the certiorari petition, at DCF’s request, we relinquished jurisdiction to the lower tribunal for reconsideration of the order. The assigned judge recused himself from the case and another judge was assigned. DCF has now advised that the successor judge has declined to reexamine the issue.
 

 Accordingly, we grant certiorari and quash the order requiring DCF to start the process of sending the Child back to Guatemala. The currently assigned judge shall proceed without reference to the quashed order.
 

 WRIT GRANTED; ORDER QUASHED.
 

 GRIFFIN, TORPY and COHEN, JJ„ concur.
 

 [1]
 

 . This case was filed as a direct appeal but has been treated as a certiorari petition by this Court.